STATE v. KING and COOPER.

(Filed May 27, 1907).

*Indictment—Solicitor's Fee—Statutes.*

1. The fees of the Solicitors are matters entirely of statutory regulation; under Revisal, sec. 2768, when default was made by one indicted for a misdemeanor and judgment *nisi* entered against him and his surety, thereafter made absolute, and at a still subsequent term the surety produced the defendant, and the penalty of the appearance bond was remitted by the Court, upon payment of costs, the Solicitor is not entitled to a fee upon the *sci. fa.*

2. Under Revisal, sec. 2768, providing that the "Solicitors of the several judicial districts and criminal courts shall prosecute all penalties and forfeited recognizances entered in their courts, respectively, and as a compensation for their services shall receive a sum to be fixed by the Court, not more than five per centum of the amount collected," etc., the Solicitor is not entitled to a fee upon a judgment *nisi* of four dollars, or any other amount, when at a subsequent term the defendant is produced by his surety, the

Court suspends the judgment upon payment of the costs of the *sci. fa.,* and remits the penalty upon the appearance bond.

3. Under the Revisal, sec. 3220, the Solicitor has no vested right to his fee under an absolute judgment upon a forfeited recognizance which was subsequently set aside by the Court in the exercise of his discretionary power.

(*State v. Whisnant,* 5 N. C., 287, holding that in a proceeding by *scire facias,* where the costs are taxed, the Solicitor is entitled to a fee of four dollars, discussed and distinguished.)

APPEAL from an order retaxing bill of costs, heard before his Honor, *O. H. Allen, J.,* Superior Court of BUNCOMBE County, November Term, 1906.

Defendant Bob King, having been held for a misdemeanor, defendant A. L. Cooper became surety for his appearance before the Superior Court of Buncombe County. At January Term, 1906, defendant Bob King having made default, judgment *ni si* was duly entered against him and his surety; and at August Term, to-wit, 11 August, 1906, judgment absolute was entered against defendant and his surety for the penalty of the bond and the costs. At November Term, 1906, the surety having procured the presence of defendant Bob King, said defendant then plead guilty on the indictment, and judgment was suspended on the payment of the costs of the principal case, to-wit, the indictment, and the costs of the *sci. fa.,* the penalty of the appearance bond being remitted.

In taxing the bill of costs of the *sci. fa.,* against defendants, the Clerk included a tax fee of $4 each as fees for the Solicitor. On the hearing of the motion to retax, the Court made some modifications of the bill as taxed by the Clerk, and, with other changes, disallowed the fees taxed on the *sci. fa.* for the Solicitor, and this officer excepted and appealed, claiming:

First. That the fees were properly taxed.

Second. That if they were disallowed, he was in any event entitled to a commission on the judgment absolute which had been entered on the bond at August Term, 1906.

*George A. Shuford* for plaintiff.
*Frank Carter contra.*

HOKE, J., after stating the facts: The fees due the Solicitors of the State are a matter entirely of statutory regulation, and on the questions presented by the present appeal are governed by Revisal 1905, sec. 2768. This section provides:

"First. The Solicitors shall, in addition to the general compensation allowed them by the State, receive the following fees, and no other, namely:

"For every conviction upon an indictment which they may prosecute for a capital crime, twenty dollars.

"For perjury, forgery, counterfeiting, passing or attempt to pass or sell any forged or counterfeited paper or evidence of debt; maliciously injuring or attempting to injure any railroad or railroad car, or any person traveling on such railroad car; stealing or obliterating records; stealing, concealing, destroying, or obliterating any will; maliciously burning or attempting to burn houses or bridges; misdemeanors of accessories after the fact to felonies; in each of the above cases, ten dollars.

"For larceny, receiving stolen goods, embezzlement, frauds, maims, deceits and escapes, five dollars.

"For all other offenses, four dollars."

Then follows, in the same section, a clause as to prosecution of penalties and forfeited recognizances, as follows:

"The Solicitors of the several judicial districts and criminal courts shall prosecute all penalties and forfeited recognizances entered in their courts, respectively, and as compensation for their services shall receive a sum to be fixed by

the Court, not more than five per centum of the amount col-
lected upon such penalty or forfeited recognizance."

There is nothing in this section which permits or suggests
the construction that the Solicitor is entitled to a fee of four
dollars on a penalty of forfeited recognizance. It is argued
that a right to such a fee may exist under and by virtue of
the words, "For all other offenses, four dollars," the argu-
ment being that the term "offense" is broad enough to in-
clude default in failing to make apearance as required by the
bail bond. This might be true as a matter of general defini-
tion, but such an interpretation is not permissible here. If the
section were at all ambiguous, a proper application of the
maxim, *"Noscitur a sociis,"* would forbid it. The statute
is giving a general and inclusive statement of the various
offenses which a Solicitor is called on to prosecute, and after
specifying a long list of these offenses, in which other
amounts are allowed, concludes with the sentence in ques-
tion, "For all other offenses, four dollars," meaning, un-
doubtedly, criminal offenses, the kind about which it was
treating. But no application of the maxim is required or
permitted, for the reason that on a perusal of the entire
section the meaning is too plain for construction; for all of
the clauses specifying fees for these offenses are, by correct
interpretation, referred to the opening one: "For every con-
viction upon an indictment which they may prosecute," these
fees are allowed. Here, in explicit terms, the fees are con-
fined to prosecutions in which there has been a conviction on
indictment. While the facts are not exactly similar, the
construction we have adopted is, we think, established by the
decision of the Court in *State v. Dunn,* 95 N. C., 698, where
a prosecutor who had been adjudged to pay the costs in a
criminal case was held not liable for a fee to the Solicitor,
the Court saying that such fees are only due when there
has been a "conviction on an indictment." The very fact

that in a subsequent clause of the same section there is a separate provision as to fees in prosecutions by the Solicitor for penalties and forfeited recognizances, supports and emphasizes the conclusion that fees for this service were not and were not intended to be included in the former portions of the law. Nor can the Solicitor in the present case be allowed the commission on the penalty as contended for. Here, too, the language of the statute is explicit: "As compensation for their services they shall receive a sum to be fixed by the Court, not more than five per cent. on the amount collected."

It is suggested for the appellant that the judgment absolute entered according to *sci. fa.,* at August Term, 1906, conferred on the Solicitor a vested right on the commission, and the Judge had no power, by subsequent action, to deprive him of this amount. But the position cannot be sustained. "Not more than five per cent. on the amount collected" is the language of the statute; and in another section of the Revisal most ample power is given the presiding Judge to make such disposition of the judgment in these cases as right and justice may require. Section 3220 of Revisal enacts as follows:

"The Judges of the Superior Courts may hear and determine the petition of all persons who shall conceive they merit relief on their recognizances forfeited; and may lessen, or absolutely remit the same, and do all and anything therein as they shall deem just and right and consistent with the welfare of the State and the persons praying such relief, as well before as after final judgment entered and execution awarded."

The judgment in question was taken subject to the provisions of this law which affects its force and import throughout; and no vested right, therefore, can be acquired to a commission dependent on the existence and collection of a

judgment which his Honor, in the exercise of this power wisely given him, has deemed it proper to set aside.

We are referred by counsel for the appellant to the case of *State v. Whitsenhunt,* 5 N. C., 287, as authority for their position. The opinion in that case is very short, containing simply an announcement of the decision that in a proceeding by *scire facias* where costs are taxed, the Solicitor is entitled to a fee of four dollars, and we are not therefore informed as to the reason upon which the decision is based. It was very likely, however, made to rest on the ground that at the time the same was made an attorney of record, in civil cases, when judgment was entered for his client, was allowed a tax fee of four dollars as part of the costs; and the Solicitor, as such attorney, was therefore entitled to this fee whenever the costs of a *sci. fa.* proceedings were imposed upon a defendant. The decision was in 1809, and at that time the fee tax allowed by the fee bill was two pounds, having been reduced from five pounds by ch. 693, Laws 1806, in suits of this character, the old denominational terms being retained in the statute for some time after the Federal currency was established and in circulation. The value of the pound, however, while composed of twenty shillings, varied in the different colonies, and did not at all import the same amount as the English pound sterling. In North Carolina, The Century Dictionary informs us, the pound was equivalent to about two and one-half dollars, being about one-half of the pound sterling; the shillings being proportionately less. Then, as now, there were misapprehensions about the amount of fees to be taxed; some of the Clerks allowing eight shillings to the dollar of the money then coming into general use, and others ten, till the matter was settled by statute at ten shillings, making the sum of two pounds, or forty shillings, allowed as tax fee by the fee bill, the equivalent of four dollars of the new money; and four dollars

continued to be the law until 1879, when the fee allowed attorneys as part of the costs in civil suits was abolished; ch. 45, sec. 1879; and since that time there has been no statute allowing a tax fee as part of the costs in civil cases.

There is, therefore, no authority, statutory or otherwise, for taxing this fee in *sci. fa.* cases in favor of Solicitors, and the ruling of the Court below in disallowing the fee is affirmed.

While we are of opinion that the Court below was correct in its judgment, we think it well that the Solicitor appellant has brought the matter before us, for the practice as to the taxing on this fee has not been uniform throughout the State, the decisions having left the question somewhat uncertain, and it was eminently desirable that it should be authoritatively determined.

There is no error, and the judgment of his Honor disallowing the fee is affirmed.

Affirmed.